USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 5-6-19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND, ANNUITY
FUND, AND APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, ET AL.,

    Petitioners,

- against -

TOPROCK INTERIORS INC.,

    Respondent.

18-cv-10865 (JGK)

MEMORANDUM OPINION
AND ORDER

---

JOHN G. KOELTL, District Judge:

The petitioners[1] seek to confirm an arbitration award under section 301 of the Labor Management Relations Act of 1947 (the "LMRA"), as amended, 29 U.S.C. § 185. The award was rendered pursuant to a collective bargaining agreement (the "CBA") involving the Union and the respondent, Toprock Interiors, Inc. The respondent was, at relevant times, an employer within the meaning of section 3(5) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1002(5), and of section 501 of the LMRA, 29 U.S.C. § 142. The petitioners' petition is **granted**.

---

[1] The petitioners are the Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund; Trustees of the New York City Carpenters Relief and Charity Fund; the New York City and Vicinity Carpenters Labor Management Corporation (collectively, the "Funds"); and the New York City District Council of Carpenters (the "Union").

# I.

Under the CBA between the parties, the respondent was required to remit contributions to the Funds when covered employees performed work within the Union's scope and jurisdiction. Pet. ¶ 13. The underlying dispute arose after an audit of the respondent's books and records covering the period of June 24, 2015, through March 28, 2017, revealed that the respondent failed to remit required contributions to the Funds. Pet. ¶ 19. The petitioners initiated arbitration pursuant to the CBA's arbitration clause. Id. ¶ 20. In a November 1, 2018 Opinion and Default Award, the arbitrator found that the respondent violated the CBA and ordered the respondent to pay the Funds $37,474.80. Ex. G. The arbitrator also found that interest would accrue at the rate of 7 percent from the date the award was issued. Id. at 3.

On November 20, 2018, the petitioners timely filed this petition to confirm the arbitration award. The petitioners also request $887 in attorneys' fees, and $75 in costs, associated with this petition, and postjudgment interest at the rate provided under 28 U.S.C. § 1961(a). Despite being served with the petitioners' petition, the respondent has not responded, and the April 2, 2019 deadline to do so has passed. See Dkt. No. 14. The petition will therefore be decided based on the papers submitted by the petitioners.

## II.

A district court's role in reviewing an arbitration award is extremely limited. <u>United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.</u>, 484 U.S. 29 (1987); <u>United Steelworkers v. Enterprise Wheel & Car Corp.</u>, 363 U.S. 593 (1960). The Supreme Court has explained that district courts "are not authorized to reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract." <u>Misco</u>, 484 U.S. at 36. The Court instructed that "[a]s long as the arbitrator's award 'draws its essence from the collective bargaining agreement,' and is not merely 'his own brand of industrial justice,' the award is legitimate." <u>Id.</u> (quoting <u>United Steelworkers</u>, 363 U.S. at 596). Accordingly, an arbitration award is to be confirmed if there is even a "barely colorable justification" for the decision. <u>United States Steel & Carnegie Pension Fund v. Dickinson</u>, 753 F.2d 250, 252 (2d Cir. 1985).

However, the Second Circuit Court of Appeals has explained that a default judgment is generally inappropriate in a proceeding to confirm or vacate an arbitration award because "[a] motion to confirm or vacate an [arbitration] award is generally accompanied by a record, such as an agreement to arbitrate and the arbitration award decision itself. . . . [T]he petition and accompanying record should [be] treated as akin to

3

a motion for summary judgment based on the movant's submissions." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006).

The standard for granting summary judgment is well established. "The [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Darnell v. Pineiro, 849 F.3d 17, 22 (2d Cir. 2017). The substantive law governing the case will identify those facts that are material and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In this case, the arbitrator's award was not the arbitrator's "own brand of industrial justice." See Misco, 484 U.S. at 36 (quoting United Steelworkers, 363 U.S. at 596). The arbitrator found that uncontroverted testimony and evidence established that the respondent was bound by the CBA, that the petitioners' audit was allowed by the CBA, and that the respondent was delinquent under the CBA and obligated to pay delinquency assessment and interest, plus other costs associated with the delinquency and with arbitration. Ex. G at 2. Based on the limited review that is appropriate of an unopposed petition

4

to confirm an arbitration award, the Court finds that there is no genuine dispute of material fact and that the petitioners' petition should be confirmed.

The petitioners also request attorneys' fees in the amount of $887 - for 3.2 hours of services rendered[2] - and $75 in costs for serving the petition. See Pet. ¶¶ 26-34 & Ex. H. Article XVI, § 6 of the CBA provides for reasonable attorneys' fees in the event that the petitioners institute, and obtain a favorable judgment in, court proceedings for delinquent contributions. Pet. Ex. B at 53-54. Moreover, the petitioners' $962 total request is reasonable. See Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund v. LLF Constr. Servs., Inc., No. 18cv5416, 2018 WL 4778923, at *2 (S.D.N.Y. Oct. 3, 2018); see also Abondolo v. H. & M. S. Meat Corp., No. 07cv3870, 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008) ("[C]ourts have routinely awarded attorneys fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court.") (collecting cases).

The petitioners are also entitled to postjudgment interest on the full amount of the judgment at the rate provided under 28 U.S.C. § 1961(a). See Lewis v. Whelan, 99 F.3d 542, 545 (2d Cir.

---

[2] An Of Counsel attorney spent .3 hours on this matter at an hourly rate of $350, an associate spent 2.8 hours on this matter at an hourly rate of $275, and a legal assistant spent .1 hours on this matter at an hourly rate of $120. Pet. Ex. H.

1996) ("The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." (citing 28 U.S.C. § 1961(a)).

## CONCLUSION

The petitioners' petition to confirm their arbitration award is **granted**. The Clerk is directed to enter judgment in favor of the petitioners, and against the respondent, in the following amounts:

- $37,474.80, with interest accruing at a 7 percent rate as of November 1, 2018, until the date of judgment; and
- $962 in attorneys' fees and costs.

Postjudgment interest on the entire amount of the judgment will accrue from the date the judgment is entered at the rate provided by 28 U.S.C. § 1961(a). The Clerk is also directed to close all pending motions and to close this case.

**SO ORDERED.**

**Dated:** **New York, New York**
**May 6, 2019**

_____
John G. Koeltl
**United States District Judge**